UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT EARL RAIFORD,** | ) |
| **Plaintiff,** | ) ) ) |
| **v.** | ) ) Case No. 1:20-cv-01089-RDP-JHE |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Robert Earl Raiford, a federal inmate at the Federal Correctional Institution in Talladega, Alabama, ("FCI Talladega") filed this *pro se* action pursuant the Federal Tort Claims Act ("FTCA"). (Doc. 1). He names the United States of America as Defendant, claiming that since May 2019, Defendant has provided negligent medical care for his damaged lungs, liver, and kidney. (*Id.* at 2-3).

The Magistrate Judge entered a Report and Recommendation on August 13, 2021, recommending Defendant's special report, which is treated as a motion for summary judgment, be granted. (Doc. 16). The court received Raiford's objections to the Report and Recommendation on August 26, 2021. (Doc. 17). For the reasons that follow, the court **OVERRULES** the objections.

In his objections, Raiford declares he is not required to present expert medical evidence to meet his burden of proof under the Alabama Medical Liability Act because his "claims" demonstrate a lack of care so apparent as to be within the knowledge of the average layman. (Doc. 17 at 2-3) (citing Doc. 16 at 8). But, as the Magistrate Judge addressed that argument:

> Raiford declares he is not required to produce expert evidence on the standard of care and causation because his case falls within "'[a]n exception to [the expert-medical-testimony] rule . . . where the lack of care is so apparent as to be within the

ken of the average layman.'" *Fletcher v. Health Care Auth. of City of Huntsville*, ---- So. 3d ---, 2021 WL 26781000 at *4 (Ala. 2021) (quoting *Jones v. Bradford*, 623 So. 2d 1112, 1114 (Ala. 1993)).  In support of this contention, Raiford points to unidentified "scientific studies [that] have demonstrated ranitidine can transform into a cancer[-]causing molecule" and unidentified studies by the FDA "regarding the science behind the effect of human carcinogens."  (Doc. 13 at 6).

(Doc. 16 at 8).  As the Magistrate Judge explained, the exception Raiford relies on is reserved for:

> a class of cases where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it, ... such as when a sponge is left in, where, for example, the wrong leg is operated on, or, as here, where a call for assistance [from a patient fell out of her hospital bed after just returning from the surgical ward following back surgery] is completely ignored for an unreasonable period of time.

*Clemmons v. United States*, 2017 WL 914062, at *11 (N.D. Ala. Jan. 27, 2017), Report and Recommendation adopted,  2017 WL 897563 (N.D. Ala. Mar. 7, 2017).

Raiford's objection is wholly conclusory and without support. Furthermore, as the Magistrate Judge explained (Doc. 16 at 9), the undisputed record evidence shows that FCI-Talladega medical staff never even prescribed Raiford Zantac (ranitidine) and none of his blood tests results indicate he suffers from kidney disease.  For these reasons, this objection is overruled.

Raiford next argues the Magistrate Judge erred in considering Dr. Mark Holbrook's declaration because Dr. Holbrook was not his treating physician and therefore does not have personal knowledge of the facts.  (Doc. 17 at 3).  This objection fails because it is irrelevant whether Dr. Holbrook had personal knowledge.  The relevant inquiry is whether Dr. Holbrook is qualified to offer an expert opinion.  Raiford has wholly failed to demonstrate that Dr. Holbrook is not qualified to testify as an expert under Alabama law. *See* ALA. CODE § 6-5-548 (a)-(e); *Tuck v. Health Care Auth. of City of Huntsville*, 851 So. 2d 498, 503 (Ala. 2002).

Finally, the court rejects Raiford's arguments that: (1) Defendant failed to comply with the Order for Special Report; and (2) the Magistrate Judge failed to consider his supplemental medical records. (Doc. 17 at 3-4). The Order for Special Report provided Raiford the opportunity to move for leave to conduct additional discovery, but he did not do so.[1] Furthermore, the record indicates the Magistrate Judge considered the supplemental medical records submitted by Raiford. (*See* Docs. 13, 14, 15, & 16).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** his Recommendation. Accordingly, Defendant's motion for summary judgment is due to be granted and this action dismissed with prejudice. A separate Final Judgment will be entered.

**DONE** and **ORDERED** this September 30, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] The Report and Recommendation recognizes Raiford could have, but did not, file a motion for leave to conduct additional discovery as required by the Order for Special Report and further did not identify the nature of any discovery requested. (Doc. 16 at 9-10).